

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/27/2010

IN RE: §
§
SWB WACO SH, L.P., § Case No. 10-38001-H1-11
§
Debtor. §

### FINAL ORDER (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, AND (II) PROVIDING ADEQUATE PROTECTION AND GRANTING LIENS, SECURITY INTERESTS AND OTHER RELIEF TO STERLING BANK
[This pleading relates to Docket No. 2]

1. On September 8, 2010, the Debtor filed its Emergency Motion for Interim and Final Orders Authorizing the Use of Cash Collateral (the "Motion") filed by SWB Waco SH, L.P. (the "Debtor") seeking authority (i) to use Cash Collateral (as defined below) on an interim basis, (ii) to provide adequate protection to Sterling Bank, and (iii) to schedule a final hearing on the Motion pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2). By Order entered September 9, 2010, the Court approved the use of Cash Collateral on an interim basis and set a final hearing for September 27, 2010 at 3:30 p.m. [Docket No. 7].

2. On September 27, 2010, the Court conducted a final hearing on the Motion. This Court finds that it has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 1334 and 157, and consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (K), (M), and (O). Adequate notice of the Motion and the final hearing on the motion was provided pursuant to Federal Rules of Bankruptcy Procedure 2002, 4001(c), and 9006, BLR 4001 and as required by Sections 102, 361 and 363 of the Bankruptcy Code.

3. The Debtor agrees and does not contest that Sterling Bank's claims are secured by valid, perfected liens and security interests in an apartment complex in Waco, Texas, located at 215 Washington (the "Property") and any and all rents, proceeds, product, profits or offspring of the foregoing, all as more fully described in the Loan Documents.

4. Based upon the pleadings, evidence adduced by the parties, and arguments of counsel, the Court grants the Motion. Accordingly, it is

**ORDERED THAT:**

1. The Debtor may use cash collateral solely in accordance with the budget attached hereto as **Exhibit A** (the "Budget"). The Debtor shall be permitted to pay any budgeted and approved expenditure when that expenditure actually becomes due, regardless of which day/week that expenditure was anticipated to be payable under the Budget. Further, the Debtor is authorized to make expenditures for specific line items in the Budget that are within 110% of the budgeted amount.

2. As adequate protection, Sterling Bank is granted a first priority, perfected replacement lien and security interest in all post-petition rents and other estate property to the extent that cash collateral is used by the Debtor.

3. This Court hereby expressly retains jurisdiction over all persons and entities, co-extensive with the powers granted to the United States Bankruptcy Court under the Bankruptcy Code, to enforce the terms of this Order and to adjudicate any and all disputes in connection therewith.

4. Nothing herein shall prevent Sterling Bank from objecting to any future request for interim or final use of cash collateral. Without limiting the foregoing, Sterling Bank's consent to the use of cash collateral provided in this Interim Order is not an ongoing consent to the use of cash collateral for future months or on a final basis.

5. Sterling Bank may, at any time, seek to terminate the Debtor's authority to use cash collateral and may, if appropriate, seek emergency consideration of any motion to terminate use of cash collateral.

6. The Debtor may, at any time, seek to extend the Debtor's authority to use cash collateral and may, if appropriate, seek emergency consideration of any motion to extend authority to use cash collateral.

7. **This Cash Collateral Order shall remain effective through December 31, 2010. A hearing regarding the Debtor's continued use of cash collateral shall be held on December 21, 2010 at 9:00 a.m.**

SIGNED this _27 day of September_ 2010.

_____
THE HONORABLE MARVIN ISGUR,
CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

2025722v1

# Heritage Quarters
## Waco, Texas
## Monthly Budget Summary
## 2010

|  | Sep | Oct | Nov | Dec | Total |
|---|---:|---:|---:|---:|---:|
| **REVENUE** | | | | | |
| Net Rental Income | 157,748 | 161,531 | 161,531 | 161,531 | 642,341 |
| Total Other Rental Income | 8,090 | 8,550 | 8,650 | 8,050 | 33,340 |
| **Effective Gross Income** | 165,838 | 170,081 | 170,181 | 169,581 | 675,681 |
| **OPERATING EXPENSE** | | | | | |
| Payroll | 29,421 | 21,560 | 18,005 | 18,005 | 86,991 |
| Repairs and Maintenance | 3,200 | 1,460 | 1,210 | 1,410 | 7,280 |
| Marketing & Leasing | 2,950 | 2,149 | 2,149 | 2,149 | 9,397 |
| Res Life | 1,300 | 1,000 | 1,000 | 1,000 | 4,300 |
| General & Administrative | 3,280 | 3,320 | 3,420 | 3,070 | 13,090 |
| Common Area Expenses | 10,190 | 8,881 | 8,881 | 8,881 | 36,833 |
| Utilities | 17,560 | 21,600 | 21,600 | 21,600 | 82,360 |
| Management Fees | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| Property Insurance | 5,600 | 21,954 | 12,000 | | 39,554 |
| Capital/Improvements/Reserve | 1,104 | | | | 1,104 |
| DASH Shuttle Payment | | | 12,500 | 12,500 | 25,000 |
| Bankruptcy Costs | | | | 10,000 | 10,000 |
| **Total Operating Expenses** | 79,605 | 86,924 | 85,765 | 83,615 | 335,909 |
| **Cash Flow from Operations** | 86,233 | 83,157 | 84,416 | 85,966 | 339,772 |
| **Interest Payments** | | 75,946 | 75,946 | 75,946 | 227,838 |
| **Net Monthly Cash Flow** | 86,233 | 7,211 | 8,470 | 10,020 | 111,934 |