UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SWB WACO SH, L.P., | § | CASE NO. 10-38001-H1-11 |
| | § | (Chapter 11) |
| Debtor. | § | |

**MOTION TO COMPROMISE CONTROVERSY
<u>UNDER BANKRUPTCY RULE 9019 WITH ADP TOTALSOURCE</u>**
(Related to Adversary No. 11-3152)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THIS MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THIS MOTION AND HAVE REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

SWB Waco SH, L.P., the reorganized debtor ("SWB") files this Motion to Compromise Controversy with ADP Totalsource ("ADP") under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>Summary of Relief Requested</u>

1. SWB seeks approval of a settlement with ADP. Under the proposed compromise, (i) SWB will receive cash payments totaling $11,552.87; and (ii) the parties will exchange releases. A detailed description of the proposed compromise is set forth

below.  **While ADP agreed to the proposed compromise, the factual recitations set forth herein are solely those of SWB and are not necessarily agreed to by it.**

### Statement of Facts

1. SWB filed a voluntary case under chapter 11 of the Bankruptcy Code on September 7, 2010.  On December 23, 2010, the Court entered an order confirming the First Amended Chapter 11 Plan of Reorganization.  The Plan became effective on January 25, 2011.

2. SWB's primary asset is a 374-bed student housing apartment complex in Waco, Texas known as Heritage Quarters ("HQ").  HQ is part of a re-development project of the downtown Waco area and serves primarily as an off-campus student housing facility for Baylor University.

3. On the Petition Date, SWB was a party to a Facility Management Agreement with Campus Advantage pursuant to which Campus Advantage provided property management services for HQ.  The agreement with Campus Advantage was rejected on October 14, 2010.  A new property manager was engaged on September 16, 2010.

4. Prior to bankruptcy, the Defendant routinely initiated ACH withdrawals from SWB's bank account to reimburse itself for payroll paid to the employees of Campus Advantage working at Heritage Quarters.

5. On November 3, 2010, ADP initiated two ACH withdrawals from SWB's debtor-in-possession account at a separate bank in the amounts of $2,398.94 and $22,693.60 (the "Withdrawals").  The Withdrawals were not authorized by SWB and were directly contrary to the Court's instructions.  The Withdrawals were not authorized

by the Bankruptcy Code.  The Withdrawals represented reimbursement of $10,052.87 in pre-petition payroll obligations and $15,039.67 in post-petition obligations.

### The Proposed Settlement

6. Subject to Court approval, the parties have agreed as follows:

- Within fourteen days after the entry of an order approving this proposed settlement, ADP shall pay the sum of $11,552.87 to SWB Waco SH, LP in good and available funds (the "Settlement Payment").  Any check shall be made payable to "SWB Waco SH, LP" and delivered c/o David R. Jones, Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002.  The payment may also be made by wire transfer to the IOLTA account of Porter Hedges LLP.

- Within fourteen days after the entry of an order approving this proposed settlement, SWB will dismiss all of the estate's claims in Adversary No. 11-3152 with prejudice with each party to bear its respective costs.

- Except of the obligations hereunder, all claims held by SWB against ADP are released and forever discharged.

### Merits of the Compromise

7. On The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  *TMT Trailer* requires that a compromise must be "fair and equitable."  *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984).  The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation.  *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

8. In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

   (i)   the probabilities of ultimate success should the claim be litigated;

   (ii)  the complexity, expense, and likely duration of litigating the claim;

  (iii)  the difficulties of collecting a judgment rendered from such litigation; and,

  (iv)  all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Fifth Circuit has further elaborated on the factors to be considered in evaluating the wisdom of a proposed settlement. One factor to be considered is "the paramount interest of creditors with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Another factor bearing on the wisdom of the compromise is the extent to which the proposed settlement is the product of arms-length negotiation. *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1996).

  9.  In deciding whether to accept a compromise, a trustee is required to reach an informed judgment, after diligent investigation, as to whether it is prudent to eliminate the inherent risks, delays, and expense of prolonged litigation. *In re Mailman Stream Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir. 2000). A court is not to substitute its own judgment for that of SWB, but rather to "canvass the issues" and determine whether the settlement "falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 609 ($2^{d}$ Cir. 1983).

  10.  SWB believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer*.

<b><u>Analysis of Proposed Compromise</u></b>

  11.  <u>Probabilities of Ultimate Success</u>. SWB has carefully evaluated its claims against ADP and any applicable defenses. After reviewing the available documentation, SWB believes that its chances of success after a trial on the merits are with regards to the

Withdrawals made to reimburse pre-petition obligations is likely. SWB acknowledges, however, that litigation always involves risk and uncertainty to all litigants and that the outcome of complex litigation is difficult to predict. The parties have attempted to achieve a resolution that minimizes the time and expense to both parties and yields the favorable result that would likely follow a trial on the merits. Consequently, SWB has determined that the proposed compromise is in the best interest of all concerned parties and that this factor supports the proposed settlement.

12. <u>Complexity, Expense and Likely Duration</u>. SWB estimates that its costs to litigate could easily exceed $10,000. No allowance has been included for any appeal that could be taken which would be certain if SWB prevailed in the claims against the Settling Parties. SWB has concluded that this factor supports the proposed settlement.

13. <u>Difficulty in Collecting Judgment</u>. In view of the nature of the claims, SWB believes that any affirmative judgment that might be rendered against ADP is collectible. This factor did not weigh heavily in SWB's decision.

14. <u>Other Factors</u>. SWB believes that the proposed compromise is equitable and serves the purposes underlying the Bankruptcy Code. The settlement provides that the Debtor recovers a monetary judgment in the amount it would likely be awarded at trial and provides for a resolution of a litigation matters with minimal expense.

Accordingly, SWB requests that this Court approve the proposed settlement and compromise set forth above and for such other relief as is just.

**Dated: June 6, 2011.**

          **Porter Hedges LLP**

    By:    */s/ Elizabeth Freeman*
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Elizabeth Freeman
State Bar No. 24009222/S.D.Tex. No. 24564
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)
**Attorneys for SWB Waco SH, LP**

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case on June 6, 2011.

          */s/ Elizabeth Freeman*
          Elizabeth Freeman